■ JANE R. ADLER, Respondent, v JOEL A. ADLER, Appellant. —Order, Supreme Court, New York County (Kristin Booth Glen, J.), entered January 31, 1991, which, *inter alia,* granted plaintiff's motion to modify the Qualified Domestic Relations Order of the court of October 3, 1989, so as to require the transfer of $56,000 to plaintiff rather than $50,000 of benefits from defendant's retirement plan, awarded plaintiff $21,000 in attorney's fees, and denied defendant's cross-motion with respect to visitation, unanimously affirmed, without costs.

The parties were divorced in 1989, at which time they entered into a stipulation of settlement in open court on June 29, 1989, which stipulation was incorporated by reference into and survived the judgment of divorce. Pursuant to said stipulation, defendant agreed to transfer the sum of $50,000 from his Keogh account to plaintiff pursuant to a Qualified Domestic Relations Order. It was thereafter learned from the plan trustees that transfer could not be accomplished until defendant reached age 50 in 1996. Defendant's plan was also unable to pay interest on the $50,000 for the period prior to its transfer. Plaintiff thereafter moved, *inter alia,* to amend the Qualified Domestic Relations Order to provide for a transfer of $56,000 to include lost interest. Defendant opposed the motion, contending that plaintiff was entitled only to $50,000, that plaintiff's counsel had prior knowledge of the terms of the plan, and that the contract could not be reformed on the basis of unilateral mistake. However, evidence was presented that a copy of the plan was not furnished to plaintiff's attorneys until after the case was settled, and the Qualified Domestic Relations Order provided for modification to reflect the intent of the parties. The court thus properly devised a means to equitably adjust for the interest lost by requiring a transfer of additional money.

The court also properly awarded attorney's fees based on detailed billing summaries, covering the services rendered for enforcing several defaults as well as the motion herein. The court also properly denied defendant's cross-motion. While the initial written decision does not expressly refer to the cross-

motion, the court granted plaintiff's motion in its entirety, which motion sought to confirm the disputed aspect with respect to visitation. The court thereafter properly settled an order based on the written decision. Concur—Murphy, P. J., Ross, Asch, Kassal and Smith, JJ.